IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
--------------------------------------------x
                                            :
KENYA BROWN                                 :         3:13 CV 1444 (JBA)
                                            :
v.                                          :
                                            :
J. TUTTLE, DMD                              :         DATE: JULY 30, 2014
--------------------------------------------x
```

<u>RULING ON MULTIPLE MOTIONS (Dkts. ##28, 31, 32, 33, 34, 42, 43, and 46)</u>

On October 1, 2013, the <u>pro se</u> plaintiff, who is currently incarcerated at MacDougall-Walker Correctional Institution, filed this lawsuit under 42 U.S.C. § 1983, alleging Eighth, Fourteenth, and First Amendment violations by defendant J. Tuttle, a dentist who treated plaintiff.  (Dkt. #1). Familiarity is presumed with the previous ruling filed by this Magistrate Judge.  (<u>See</u> Dkts. ##8, 14, 29; <u>see also</u> Dkts. ##4, 13, 25, 27).  Currently, plaintiff has fifteen pending motions, eight of which will be addressed in this Ruling.[1]

I. DISCUSSION

<u>A.  AMENDED MOTION FOR DEFAULT JUDGMENT (Dkt. #28)</u>

On April 16, 2014, plaintiff filed an Amended Motion for Default Judgment against defendant.  (Dkt. #28).  On February 4, 2014, defendant appeared in this action, and on

---

[1]Pending before United States District Judge Janet Bond Arterton is plaintiff's Motion for Reconsideration (Dkt. #38), and Motion for Order on Objection (Dkt. #39), in which both motions plaintiff asserts that he did file a timely objection to the Recommended Ruling (<u>see</u> Dkt. #11), and then filed an objection to Judge Arterton's Order (Dkt. #27) approving and adopting this Magistrate Judge's Recommended Ruling on plaintiff's Motion to Proceed and/or Commence Action (Dkt. #8).

Also pending before Judge Arterton is plaintiff's Motion for Scheduling Order (Dkt. #36), Motion for Pretrial Conference (Dkt. #37), and Motion for Extension of Time to File Motion for Summary Judgment (Dkt. #48).

Plaintiff's Motion for the Attorney General's Office to Withdraw from the Case (Dkt. #49), and his Motion for Order to Seek Affidavits (Dkt. #50) are not ripe, and will be addressed in a later ruling.

April 21, 2014, this Court issued a Ruling and Order in which plaintiff's Motion for Default Judgment was denied in light of defendant's appearance.  (Dkt. #29, at 2).  Accordingly, plaintiff's Amended Motion for Default Judgment (Dkt. #28)  is <u>denied as moot</u>.

> ### B. MOTION TO SEAL AMENDED COMPLAINT (Dkt. #31), MOTION TO AMEND/CORRECT COMPLAINT (Dkt. #32), AND MOTION TO COMMENCE SERVICE AND UNSEAL (Dkt. #42)

On April 22, 2014, plaintiff filed a Motion to Seal Amended Complaint (Dkt. #31), a Motion to Amend/Correct Complaint (Dkt. #32), with a copy of a sixty-one page proposed Amended Complaint attached, and a Motion to Stay, and brief in support. (Dkt. #33).

In his proposed Amended Complaint, plaintiff seeks to add four additional defendants, and adds claims under the First, Fourth, Sixth, and Fourteenth Amendments.  (Dkt. #32).  Plaintiff seeks to have the Amended Complaint sealed "only to be review[ed] by the District Judge (JBA) to examine the allegations closely." (Dkt. #31, at 1).[2]   On May 22, 2014, plaintiff filed a Motion to Commence Service and Unseal, seeking service on the additional defendants named in the amended complaint, and seeking the unsealing of the proposed amended complaint.  (Dkt. #42).  On June 10, 2014, defendant filed her objection to plaintiff's Motion to Commence Service and Unseal (Dkt. #44) in which defendant reiterated that the "public ha[s] the right of access to court records and proceedings[,]" "there [is] no extraordinary circumstances or compelling need to justify the sealing of the complaint[,]" and plaintiff has "failed to comply with Rule 15(a)(2) of the Federal Rules of Civil Procedure, which allows plaintiff to amend his complaint only with the written consent of the defendant or the court's leave."  (Dkt. #44, at 1-2).

---

[2]On May 12, 2014, defendant filed her response to plaintiff's Motion to Seal the Amended Complaint, however, the document attached is defendant's objection to plaintiff's Motion to Stay. (<u>Compare</u> Dkt. #41 <u>with</u> Dkt. #40).

Plaintiff may amend his complaint once as of right within twenty-one days of service or within twenty-one days after service of an answer or motion to dismiss, whichever is earlier. FED. R. CIV. P. 15(a)(1). Plaintiff's initial complaint was filed on October 1, 2013, and his Motion to Amend his Complaint was filed on April 22, 2014, the same day that defendant filed her Answer. (Dkts. ##30, 32). Accordingly, plaintiff may no longer amend his complaint as of right. As Rule 15(a)(2) of the Federal Rules of Civil Procedure provides, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."[3]

In his initial complaint, plaintiff alleged that defendant violated his rights under the First, Eighth, and Fourteenth Amendments. (Dkt. #1). On December 6, 2013, this Magistrate Judge filed a Recommended Ruling on Plaintiff's Motion for Order (Dkt. #8-1) in which plaintiff's First Amendment retaliation claim, and Fourteenth Amendment due process claims were dismissed, leaving only plaintiff's Eighth Amendment claim for deliberate indifference. (At 3-6). As discussed above, on April 11, 2014, Judge Arterton approved and adopted this Recommended Ruling (Dkt. #27), and plaintiff has filed an objection Judge Arterton's Order. (Dkt. #39; see also Dkt. #38).[4] While his objection is pending, plaintiff is also seeking, in

---

[3]When ruling on a motion to amend, the Second Circuit considers the five factors enunciated by the U.S. Supreme Court in Foman v. Davis, 371 U.S. 178, 182 (1962): (1) undue delay; (2) bad faith or dilatory motive on the part of movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of the amendment. See Local 802, Associated Musicians of Greater New York v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d Cir. 1998), citing Foman, 371 U.S. at 182. "The Court of Appeals has repeatedly noted that the trial court has broad discretion in ruling on a motion to amend." Duling v. Gristede's Operating Corp., 265 F.R.D. 91, 96 (S.D.N.Y. 2010)(multiple citations omitted); see Messier v. Southbury Training School, 3:94 CV 1706 (EBB) 1999 WL 20907, at *3 (D. Conn. Jan. 5, 1999)(the "propriety of granting a motion to amend remains within the sound discretion of the district court.")(citations omitted).

[4]See n.1 supra.

addition to other claims, to add back into this case the counts that have been dismissed.[5] Additionally, plaintiff has filed his proposed Amended Complaint under seal, thereby depriving defendant an opportunity to review such proposed amended complaint, and respond thereto. See Fed. R. Civ. P. 15(a)(2)("[A] party may amend its pleading only with the opposing party's written consent or the court's leave.").

Pursuant to Rule 5(e)3. of the Local Rules of Civil Procedure, "[n]o judicial document shall be filed under seal, except upon entry of an order of the Court either acting sua sponte or specifically granting a request to seal that document[,] [and] [a]ny such order sealing a judicial document shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons."  In this case, plaintiff filed a Motion to Seal his proposed Amended Complaint, and the Amended Complaint was then filed under seal.

"The [United States] Supreme Court and the Second Circuit have recognized the public's right to access court records and proceedings, which is rooted in both the common law and the First Amendment.  Consequently, there is a strong presumption against sealing court records from public inspection."  Travelers Indem. Co. v. Excalibur Reinsurance Corp., No. 3:11 CV 1209(CSH), 2013 WL 4012772, at *2 (citations & footnote omitted). The proposed Amended Complaint, and the accompanying Motion to Seal, fail to identify

---

[5]"Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim[,]" AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 726 (2d Cir. 2010)(citation omitted), or if the proposed amendment does not "add any new timely or valid claims." Gosain v. State Bank of India, 414 F. App'x 311, 315 (2d Cir. 2011).

In this case, plaintiff's proposed amendment is also, in part, to add new parties; thus, the motion is also "technically governed" by Federal Rule of Civil Procedure 21, rather than Rule 15(a); Rule 21 provides that "the court may at any time, on just terms, add or drop a party[.]" Duling, 265 F.R.D. at 96;  Fed. R. Civ. P. 21.  "However, the same standard of liberality applies under either Rule."  Duling, 265 F.R.D. at 96-97 (internal quotations & multiple citations omitted).

compelling reasons why the underlying document should be shielded from the public's right of access to the courts.  In fact, to the contrary, plaintiff has changed his position and has moved to unseal his Amended Complaint so that he may effectuate service. (Dkt. #42).

In light of the foregoing, plaintiff's Motion to Seal Amended Complaint (Dkt. #31) is denied; plaintiff's Motion to Amend his Complaint (Dkt. #32) is denied without prejudice to renewal after a ruling on his pending objections, and the Clerk is directed to unseal plaintiff's proposed Amended Complaint; and plaintiff's Motion to Unseal and to Commence Service (Dkt. #42) is granted in part and denied in part such that the proposed Amended Complaint shall be unsealed.

C. MOTION TO STAY (Dkt. #33)

In plaintiff's Motion to Stay, filed on April 22, 2014, plaintiff seeks a stay pending a "resolution of the motion for [j]udgment for [d]efault[.]" (Dkt. #33, Brief at 1). On May 8, 2014, defendant filed her brief in opposition to the Motion to Stay (Dkt. #40), in which defendant appropriately noted that this Court issued a ruling on plaintiff's Motion for Default on April 21, 2014.  (At 1).  Accordingly, plaintiff's Motion to Stay (Dkt. #33) is denied as moot.

D. MOTION FOR ORDER TO SERVE SUBPOENA (Dkt. #34)

In this motion, filed on April 22, 2014, plaintiff seeks to subpoena two individuals he names in his proposed Amended Complaint.  (Dkt. #34).  In light of the conclusion reached in Section I.B. supra, plaintiff's Motion (Dkt. #34) is denied without prejudice to renewal at a later time, if appropriate.

E. MOTION FOR PERMISSION TO CONDUCT DEPOSITION (Dkt. #43)

On June 3, 2014, defendant filed a Motion for Permission to Conduct Deposition of

plaintiff.  (Dkt. #43).  Defendant sought to depose defendant on July 1, 2014 at Corrigan-Radgowski Correctional Institution, and on later dates, and at additional locations, as necessary.  (Id. at 1). Defense counsel also requests that the court allow a correctional officer to be present.  (Id.).  Plaintiff has not opposed this motion.  Defendant's Motion (Dkt. #43) is granted, and defense counsel shall set a new date for plaintiff's deposition.

### F. MOTION FOR EXTENSION OF TIME UNTIL JUNE 20, 2014 TO FILE A RESPONSE TO PLAINTIFF'S ADMISSIONS (Dkt. #46)

On June 17, 2014, defendant sought an additional seven days to file responses to plaintiff's Requests for Admissions.  (Dkt. #46).  Plaintiff has not opposed this Motion. Accordingly, defendant's Motion (Dkt. #46) is granted. To the extent defendant has not done so already, defendant shall serve her responses forthwith.

## II. CONCLUSION

For the reasons stated above,

plaintiff's Motion for Default Judgment (Dkt. #28) is denied as moot;

plaintiff's Motion to Seal Amended Complaint (Dkt. #31) is denied;

plaintiff's Motion to Amend his Complaint (Dkt. #32) is denied without prejudice to renewal after a ruling on his pending objections, and the Clerk is directed to unseal plaintiff's proposed Amended Complaint;

plaintiff's Motion to Stay (Dkt. #33) is denied as moot;

plaintiff's Motion for Order to Serve Subpoena (Dkt. #34) is denied without prejudice to renewal at a later time, if appropriate;

plaintiff's Motion to Unseal and to Commence Service (Dkt. #42) is granted in part and denied in part such that the proposed Amended Complaint shall be unsealed;

defendant's Motion to Conduct Deposition (Dkt. #43) is granted, and defense counsel

shall set a new date for plaintiff's deposition; and

defendant's Motion for Extension of Time (Dkt. #46) is granted.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**; Caidor v. Onondaga County, 517 F.3d 601, 603-05 (2d Cir. 2008)**(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit)**.

Dated at New Haven, Connecticut, this 30th day of July, 2014.

  /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge