IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------x
                                              :
KENYA BROWN                     :         3:13 CV 1444 (JBA)
                                              :
v.                                   :
                                             :
J. TUTTLE, DMD          :         DATE: NOVEMBER 6, 2014
------------------------------------------------x

RULING ON MULTIPLE MOTIONS (Dkts. ##48, 59, 60, 61, 64, 65, 67 & 72)

On October 1, 2013, the pro se plaintiff, who was then incarcerated at MacDougall-Walker Correctional Institution,[1] filed this lawsuit under 42 U.S.C. § 1983, alleging Eighth, Fourteenth, and First Amendment violations by defendant J. Tuttle, a dentist who treated plaintiff. (Dkt. #1). Familiarity with this Court's multiple previous rulings is presumed. (See Dkts. ##8, 14, 29, 53). Currently, plaintiff has thirteen pending motions, seven of which will be addressed in this Ruling.[2] This Ruling will also address defendant's pending Motion for Protective Order. These motions were referred to this Magistrate Judge on October 8, 2014. (See Dkt. #73).

I. DISCUSSION

A. DISCOVERY MOTIONS (Dkts. ##59, 60, 61, 64)

On August 18, 2014, plaintiff filed the pending Motion for Order Seeking Deposition

---

[1] Plaintiff is currently incarcerated at the Corrigan-Radgowski Correctional Institution.

[2] Pending before United States District Judge Janet Bond Arterton is plaintiff's Motion for Reconsideration (Dkt. #38), and Motion for Order on Objection (Dkt. #39), in which motions plaintiff asserts that he did file a timely objection to the Recommended Ruling (see Dkt. #11), and then filed an objection to Judge Arterton's Order (Dkt. #27) approving and adopting this Magistrate Judge's Recommended Ruling on plaintiff's Motion to Proceed and/or Commence Action (Dkt. #8).

Also pending before Judge Arterton is plaintiff's Motion for Scheduling Order (Dkt. #36), Motion for Pretrial Conference (Dkt. #37), Motion for Summary Judgment (Dkt. #62), and Motion for Leave to File Excess Pages (Dkt. #63).

by Written Question in which plaintiff seeks to depose three non-party employees of UConn Managed Health Care, namely, Linda Reicher, DMD, Donald Amaro, DMD, and Nurse Supervisor Erin Nolin.  (Dkt. #59).  On September 12, 2014, defendant filed her pending Motion for Protective Order in which she moves this Court to issue a protective order to protect these three non-parties "from having to respond to affidavits as a form of discovery in this case[]" in light of the pending Motion for Summary Judgment, filed on September 5, 2014. (Dkt. #64).  In light of plaintiff's pending Motion for Summary Judgment , defendant's Motion for Protective Order (Dkt. #64) is <u>granted</u> and plaintiff's Motion for Order Seeking Deposition by Written Question (Dkt. #59) is <u>denied without prejudice to renewal after a decision on his dispositive motion</u>.

Plaintiff's additional discovery motions, namely, his Motion for Affidavit (Dkt. #60), filed on August 20, 2014, in which plaintiff seeks an affidavit from non-party witness Steven Swan, who is the Grievance Coordinator at Corrigan C.I., and his Motion for Order to Produce for Depositions Arlena Duffy and Steven Swan (Dkt. #61) are <u>denied without prejudice to renewal after a decision on his dispositive motion.</u>

### B. PLAINTIFF'S MOTION TO SUPPLEMENT COMPLAINT (Dkt. #65) AND PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S OBJECTION (Dkt. #72)

On September 16, 2014, plaintiff filed the pending Motion to Supplement the Pleadings, in which Motion he seeks to amend his Complaint to add that his First Amendment rights were violated in retaliation for plaintiff's filing of a grievance which arose out of the original allegations in his Complaint.  (Dkt. #65).  On September 25, 2014, defendant filed her objection to plaintiff's Motion (Dkt. #69), pointing out that plaintiff filed his Motion for Summary Judgment eleven days prior to the filing of this pending motion, and further observing that this Court has previously denied plaintiff's earlier attempts to amend his

Complaint, without prejudice to renewal after a ruling on his pending objections to Judge Arterton's Ruling approving and adopting this Magistrate Judge's Recommended Ruling in which, <u>inter alia</u>, plaintiff's First Amendment retaliation claim was dismissed. (<u>Id.</u> at 3-6; <u>see also</u> Dkts. ##8, 27, 53). On October 6, 2014, plaintiff filed a Motion to Strike Defendant's Objections to Plaintiff's Motion to Supplement the Pleadings. (Dkt. #72). In accord with this Magistrate Judge's Ruling on Multiple Motions, filed on July 30, 2014, plaintiff's Motion to Supplement Complaint (Dkt. #65) is <u>denied without prejudice to renewal after a ruling on plaintiff's pending objections</u>, and plaintiff's Motion to Strike (Dkt. #72) is <u>denied</u>.

### C. PLAINTIFF'S MOTION TO SUPPLEMENT APPEAL ON DISMISSED CLAIMS (Dkt. #67)

On September 24, 2014, plaintiff filed a Motion to Supplement Appeal on Dismissed Claims (Dkt. #67), in which Motion he seeks to add to his objections, filed on May 5 and 6, 2014 (Dkts. ##38-39) to Judge Arterton's Ruling approving and adopting the Recommended Ruling of dismissal of plaintiff's claims under the First and Fourteenth Amendments, filed on April 11, 2014. (Dkt. #27). Specifically, plaintiff contends that he has evidence of his First Amendment retaliation claims and he seeks to use such evidence in support of his pending objections. (Dkt. #67). Plaintiff's Motion (Dkt. #67) is <u>granted absent objection</u>.

### D. PLAINTIFF'S MOTION FOR EXTENSION OF TIME (Dkt. #48)

On July 15, 2014, plaintiff filed a Motion for Extension of Time to File a Motion for Summary Judgment in which he sought 120 days after a ruling on his Motion to Amend his Complaint. (Dkt. #48). However, on September 5, 2014, plaintiff filed a Motion for Summary Judgment in which he seeks summary judgment "on all counts of [his] complaint." (Dkt. #62). Accordingly, plaintiff's Motion (Dkt. #48) is <u>denied as moot</u>.

### II. CONCLUSION

For the reasons stated above,

plaintiff's Motion for Extension of Time (Dkt. #48) is <u>denied as moot</u>;

plaintiff's Motion for Order Seeking Deposition by Written Question (Dkt. #59) is <u>denied without prejudice to renewal</u>;

plaintiff's Motion for Affidavit (Dkt. #60) is <u>denied without prejudice to renewal</u>;

plaintiff's Motion for Order (Dkt. #61) is <u>denied without prejudice to renewal</u>;

defendant's Motion for Protective Order (Dkt. #64) is <u>granted</u>;

plaintiff's Motion to Supplement Complaint (Dkt. #65) is <u>denied without prejudice to renewal after a ruling on plaintiff's pending objections</u>;

plaintiff's Motion to Supplement Appeal on Dismissed Claims (Dkt. #67) is <u>granted absent objection</u>; and

plaintiff's Motion to Strike (Dkt. #72) is <u>denied</u>.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen days after service of same);** F<small>ED</small>. R. C<small>IV</small>. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling <u>may</u> preclude further appeal to Second Circuit)**; <u>Caidor v. Onondaga County</u>, 517 F.3d 601, 603-05 (2d Cir. 2008)**(failure to file timely objection to Magistrate Judge's discovery ruling <u>will</u> preclude further appeal to Second Circuit)**.

Dated at New Haven, Connecticut, this 6th day of November, 2014.

      /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge