UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENYA BROWN,<br>      *Plaintiff*,<br>      *v.*<br>J. TUTTLE,<br>      *Defendant*. | Civil No. 3:13cv1444 (JBA)<br><br>December 18, 2014 |

**RULING ON PENDING MOTIONS**

This Ruling addresses numerous pending motions on a range of matters in this case. First, Plaintiff Kenya Brown has moved [Doc. # 38] for reconsideration of the Court's Order [Doc. # 27] approving and adopting the Recommended Ruling [Doc. # 8], which dismissed Count One of the Complaint [Doc. # 1] alleging a violation of Plaintiff's First and Fourteenth Amendments claim and Count Three alleging a due process violation. For the reasons that follow, Plaintiff's Motion for Reconsideration is granted in part, in that the Court will now consider his Objection [Doc. # 11] to the Recommended Ruling, but this Objection is overruled.

The factual allegations of Plaintiff's Complaint are set forth in the Recommended Ruling and incorporated by reference here. (*See* Recommended Ruling at 2–3.) Briefly, Mr. Brown alleges that Defendant, Joanne Tuttle, a prison dentist, treated his chipped tooth improperly by ignoring his complaints of severe pain as she drilled his tooth and left him with a hole in his tooth and an exposed nerve, which she refused to treat. (*Id.*) When Mr. Brown refused to answer further questions from Dr. Tuttle about his dental treatment, she falsely alleged that Plaintiff had inappropriately touched her during the

procedure. As a result of this complaint, Mr. Brown was placed in segregation although he was later exonerated of Dr. Tuttle's allegations. (*Id.*)

In the Recommended Ruling, Magistrate Judge Margolis concluded that Mr. Brown had stated a plausible claim for deliberate indifference to his medical needs in violation of the Eighth Amendment (Count Two), but recommended dismissal of Count One alleging that Dr. Tuttle's allegation against him was retaliation in violation of the First and Fourteenth Amendments, because Mr. Brown alleged that the "retaliation occurred before his protected activity" of filing a grievance and lawsuit against Dr. Tuttle and thus there was "no factual basis . . . for finding that defendant's action was taken in response to speech or conduct by plaintiff." (*Id.* at 3.) Magistrate Judge Margolis also recommended dismissal of Count Three alleging a due process violation, because Plaintiff failed to plausibly allege that he was deprived of a protected liberty interest because inmates "have no protected interest in not being falsely accused" and, as Plaintiff was ultimately exonerated of the charges against him, no deprivation occurred. (*Id.* at 5 (citing *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997).)

The Court reviews objections to a magistrate judge's ruling on dispositive motions de novo.[1]  *See* Fed. R. Civ. P. 72(b).  Plaintiff's Objection to the Recommended Ruling describes the "factual basis that remedies" the deficiencies in Count One[2] identified in the Recommended Ruling, explaining that Dr. Tuttle was aware that Mr. Brown had filed a previous lawsuit against Dr. Tuttle's predecessor as prison dentist and thus once she "was aware that she had gone overboard and cause[d] serious injury," Dr. Tuttle decided "to take fight" and "made false allegations and refused to assist plaintiff after drilling a very deep hole in his mouth." (Pl.'s Obj. at 1–2.)  Dr. Tuttle made these allegations, because she knew that Mr. Brown had "the ambition to protest his constitutional rights through avenues of the court." (*Id.*)

Plaintiff's Objection does not contend that there was any error in the Recommended Ruling, but rather attempts to set forth supplemental facts in support of the Complaint.  The appropriate means to do so is by moving for leave to file an amended complaint, not by setting forth allegations in legal memoranda.  While this Objection was

---

[1] Although this Objection was not filed within fourteen days of the Recommended Ruling of December 6, 2013, *see* 28 U.S.C. § 636(b), Plaintiff had been granted [Doc. # 15] an extension of time [Doc. # 12], because he only received the Recommended Ruling from prison officials on December 30, 2013 and sent his Objection to the Court on that same date.  Nevertheless, on April 11, 2014, the Court issued the Order approving and adopting the Recommended Ruling in which it incorrectly stated that neither party had filed an objection.  Accordingly, Plaintiff's Motion for Reconsideration of the Court's Order adopting the Recommended Ruling is granted in part and the Court will now consider his timely objection that the Court previously overlooked.  Plaintiff has also filed [Doc. # 39] a "Motion for Judgment and Order of District Judge (JBA) on Objection to Undecided Appeal," seeking a ruling from the Court on this Objection.  This motion is denied as moot in light of today's ruling.

[2] Plaintiff did not object to the dismissal of Count Three.

3

pending, Plaintiff filed two motions [Doc. ## 32, 65] to amend his complaint to include additional factual content, both of which were denied [Doc. ## 53, 76] without prejudice to renew after a ruling on this Objection.  Because Plaintiff has not identified any error in the Recommended Ruling, his objection is overruled but Plaintiff may now refile his motion for leave to amend the complaint, setting forth the factual content and claims that he seeks to pursue in light of the current posture of this case.[3]

Plaintiff has also filed two motions [Doc. ## 36, 37], requesting a pretrial conference with the Court.  Given that Plaintiff has now moved for summary judgment and for leave to amend the Complaint since filing these motions, these motions are denied as moot without prejudice to renew if Plaintiff is granted leave to file an amended complaint.

**Conclusion**

For the reasons set forth above, Plaintiff's Motion for Reconsideration [Doc. # 38] is GRANTED in part; his Objection [Doc. # 11] to the Recommended Ruling is OVERRULED; the "Motion [Doc. # 39] for Judgment and Order" is DENIED as moot; the Motions for Order and Scheduling Plan [Doc. ## 36, 37] are DENIED as moot.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 18th day of December, 2014.

---

[3] Plaintiff has moved [Doc. # 62] for summary judgment on Count Two, which remains pending.