UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KENYA BROWN,
    Plaintiff,

v.                                                     CASE NO. 3:13-cv-1444(VAB)

J. TUTTLE, DMD,
    Defendant.

## RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO AMEND THE COMPLAINT

Plaintiff, Kenya Brown, is currently confined at the Corrigan-Radgowski Correctional Institution ("Corrigan") in Uncasville, Connecticut. He brought this civil rights action *pro se* alleging First, Eighth, and Fourteenth Amendment violations by Dr. Joann Tuttle. Compl., ECF No. 1. On December 6, 2013, Magistrate Judge Margolis recommended that the First and Fourteenth Amendment claims be dismissed and that the Eighth Amendment deliberate indifference to dental and medical needs claims proceed. Recommended Ruling, ECF No. 8. On April 11, 2014, United States District Judge Arterton approved and adopted the Recommended Ruling. Order Approving Recommended Ruling, ECF No. 27.

Mr. Brown now has filed a Motion for Summary Judgment, ECF No. 62, and a Motion for Leave to File an Amended Complaint, ECF No. 81. For the reasons set forth below, the Motion for Summary Judgment is **DENIED** and the Motion to Amend the Complaint is **GRANTED IN PART** and **DENIED IN PART**.

**I.**     **Motion for Summary Judgment [ECF No. 62]**

Mr. Brown moves for summary judgment on the only remaining claim from the

1

Complaint.  Mot. for Summ. J. 1, ECF No. 62.  In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  The moving party may satisfy this burden by demonstrating the lack of evidence to support the nonmoving party's case.  *See PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (*per curiam*).  A court must grant summary judgment if the pleadings, discovery materials and any affidavits on file show that there is no genuine issue as to any material fact.  *See Miner v. Glen Falls*, 999 F.2d 655, 661 (2d Cir. 1993).  A dispute regarding a material fact is genuine if there is sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. *See Anderson*, 477 U.S. at 248.

Plaintiff Brown's Motion for Summary Judgment consists of three pages of discussion, an exhibit list, and a Local Rule 56(a)1 Statement, which presents a mix of facts and legal argument and, at times, cites to the initial Complaint to support factual assertions.  In the Motion, Mr. Brown summarizes his Eighth Amendment claims and seeks judgment in his favor.  After filing the Motion for Summary Judgment, Mr. Brown moved for leave to amend the Complaint to add new defendants and new claims against the existing Defendant.  Thus, it seems the Motion for Summary Judgment was filed prematurely, and it is denied on that basis.  *See Crystalline H20, Inc. v. Orminski*, 105 F. Supp.2d 3, 8 (N.D.N.Y. 2000) ("The Second Circuit has denied motions for summary judgment as premature in cases where [the] nonmoving party did not have a fully adequate opportunity for discovery at the time the moving party sought summary judgment.") (citation and internal quotation marks omitted).

Even if Mr. Brown had not filed a Motion to Amend the Complaint, the Court still would

deny the Motion for Summary Judgment because it fails to comply with federal and local rules. *See Carovski v. Jordan*, No. 06-CV-716S, 2011 WL 1362624, at * 3 (W.D.N.Y. Apr. 11, 2011) (denying a summary judgment motion for failure to comply with Local Rule 56) (collecting cases denying summary judgment for failure to comply with federal and local rules); *see also* Fed. R. Civ. P. 56(a), 56(c); *see also* D. Conn. L. Civ. R. 7, 56.  While the submissions of a *pro se* litigant "must be construed liberally and interpreted to raise the strongest arguments that they suggest… pro se* parties are not excused from abiding by the Federal Rules of Civil Procedure." *Wilks v. Elizabeth Arden, Inc.*, 507 F. Supp.2d 179, 185 (D. Conn. 2007) (citations and internal quotation marks omitted).  Mr. Brown's submission fails to comply with the rules because he has not submitted a proper Local Rule 56(a)1 Statement and his memorandum cites no law or evidence that shows he is entitled to judgment as a matter of law.  D. Conn. L. Civ. R. 56(a); Fed. R. Civ. P. 56(a).

Local Rule 56(a)1 requires that a motion for summary judgment be accompanied by "a document entitled 'Local Rule 56(a)1 Statement,' which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried."  Local Rule 56(a)3 requires that each statement in the Rule 56(a)1 Statement "must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served" with the Local Rule 56(a)1 Statement.  This citation requirement applies to *pro se* litigants as well as to attorneys.

Although Mr. Brown has filed a document entitled Local Rule 56(a)1 Statement with

citations to exhibits, ECF No. 62-1, this document improperly cites to Mr. Brown's Complaint to establish facts and contains legal conclusions, *see e.g.,* ¶160, and legal arguments, *see e.g.,* ¶170.  Moreover, Mr. Brown has not submitted any exhibits with the Statement as required by Local Rule 56(a)3.  Nor has he filed an affidavit in support of the Motion for Summary Judgment.  Thus, his Motion for Summary Judgment fails to comply with the Court's rules and must be denied.  *See Carovski*, 2011 WL 1362624, at * 3; *see also* D. Conn. L. Civ. R. 56(a)1, 56(a)3.

Finally, Mr. Brown's memorandum cites no law.  In order for the Court to grant a motion for summary judgment, the moving party must refer to both case law and facts obtained during the course of discovery and explain how both show that he is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *see also Giannullo v. City of New York*, 322 F.3d 139, 140-41 (2d Cir. 2003) ("[W]here the movant fail[s] to fulfill its initial burden of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied, even if no opposing evidentiary matter is presented.") (internal quotation marks and citations omitted) (alterations in original).  For all of these reasons, Mr. Brown's Motion for Summary Judgment, ECF No. 62, is **DENIED** without prejudice to renewal after discovery is complete.

## II.     Motion to Amend the Complaint [ECF No. 81]

On April 22, 2014, Mr. Brown moved for leave to amend the Complaint.  Mot. to Amend Compl., ECF No. 32.  On July 30, 2014, the Court denied the motion without prejudice to renewal after a ruling on the Plaintiff's Motion for Reconsideration of the Court's Order approving and adopting the Recommended Ruling dismissing the Complaint in part.  Ruling on

Multiple Mots., ECF No. 53.  On December 18, 2014, the Court granted the Motion for Reconsideration in part, considered Mr. Brown's objection to the Recommended Ruling and overruled the objection.  Order, ECF No. 80.  Plaintiff Brown has renewed his Motion for Leave to File an Amended Complaint.  Mot. to Amend Compl., ECF No. 81.

Mr. Brown seeks leave to file an Amended Complaint to add claims against Defendant Tuttle and to add six new Defendants, namely Raquel Lightner, Grievance Coordinator Lisa Candelario, Dental Assistant Arlaina Duffy, Erin Nolm, Captain Van and Medical Grievance Coordinator Steven Swan.  Mr. Brown may not amend his Complaint as of right, because he fails to meet the requirements of Rule 15(a)(1).  Fed. R. Civ. P. 15(a)(1).  However, after the time to amend as of right has passed, "[t]he court should freely" grant leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In considering whether to grant a litigant leave to amend, the Court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  For the reasons that follow, Mr. Brown's Motion for Leave to Amend the Complaint, ECF No. 81, is **GRANTED IN PART** and **DENIED IN PART.**

    A.    **Background**

The allegations in the Complaint relate to dental treatment provided by Defendant Tuttle in an effort to repair a chip in Mr. Brown's tooth number eighteen.  In the Complaint and the Proposed Amended Complaint, Mr. Brown alleges that Defendant Tuttle gave him a total of thirteen shots of Septocaine or Lidocaine over a period of three hours despite her knowledge that Mr. Brown suffered from high blood pressure.  Proposed Am. Compl. at Meritorious Legal

Claims ¶¶49-50, ECF No. 81-1.[1]  He claims that none of the shots of Septocaine or Lidocaine were administered close enough to the chipped tooth and they failed to numb that area.  *Id.* ¶¶45-47, 57.  Thus, when Defendant Tuttle began to drill into the chipped tooth, Mr. Brown alleges that he experienced pain immediately.  *Id*. ¶¶53-54.  Defendant Tuttle allegedly continued to drill into the tooth, despite knowing that Mr. Brown was experiencing severe pain.  *Id.* ¶¶55-56, 61-62.

After creating a large hole in the tooth, Defendant Tuttle allegedly declared that the tooth could not be fixed.  *Id.* ¶¶64-65.  Mr. Brown alleges that Defendant Tuttle attempted to cover the hole but was unsuccessful and the nerve of that tooth remained exposed.  *Id.* ¶¶67-69.  Mr. Brown claims that Defendant Tuttle refused to provide him with medication for pain.  *Id.* ¶¶75-76, 115.  She then allegedly concocted a story that Mr. Brown had inappropriately touched her during the procedure and reported this behavior to correctional staff.  *Id.* ¶¶82-87, 96.  According to the Complaint, after Defendant Tuttle reported the story, correctional staff issued Mr. Brown a disciplinary report for assaulting staff and escorted him to the segregation unit.  *Id.* ¶98. While in the segregation unit, Mr. Brown allegedly was meeting with mental health counselors when he was "sprayed" by an officer who believed he had a sheet around his neck.  *Id.* ¶¶ 102-106.  He allegedly experienced a rapid heart rate during the first two days of his confinement in the segregation unit, *id.* ¶¶ 108-9, and experienced severe pain in tooth number eighteen from July 15 to July 31, *id.* ¶¶ 113-14.

After investigating Defendant Tuttle's accusations, correctional staff allegedly

---

[1] For the sake of convenience, this section of the Ruling will cite to the Proposed Amended Complaint, but the Court recognizes that the claims summarized in this Background section were set out in the initial Complaint, ECF No. 1.

determined that her story had many inconsistencies. *Id.* ¶¶119-20. Thus, on July 31, 2013, the Complaint indicates that a disciplinary hearing officer dismissed the tickets for assaulting a Department of Correction employee and for interfering with safety and security. *Id.* ¶¶117-22.

### B. New Defendants

In his Proposed Amended Complaint, Mr. Brown claims for the first time in this lawsuit that he wrote to Raquel Lightner about the inappropriate behavior and treatment provided by Defendant Tuttle, that he informed Erin Nolm of the same, and also that he contacted Grievance Coordinator Lisa Candalario. *Id.* ¶¶125-27, 134, 136.

Mr. Brown alleges that Erin Nolm contacted Dr. Reichler, a dentist at "Walker," regarding the Plaintiff's tooth. *Id.* ¶ 128-29. On August 12, 2013, Dr. Reichler allegedly examined Mr. Brown and found a large hole in his tooth and an infection. *Id.* ¶¶129-30. He prescribed him medication. *Id.* ¶131. On August 13, 2013, Erin Nolm allegedly confronted Defendant Tuttle regarding Mr. Brown's dental care and the accusations of inappropriate touching. *Id.* ¶137. On August 15, 2013, Defendant Tuttle also allegedly "confronted" Captain Van about the Plaintiff's accusations and grievances. *Id.* ¶138. After meeting with Captain Van, Mr. Brown claims that Defendant Tuttle submitted a separation profile, titled "Sexual Predator Profile," seeking to prevent any contact between herself and Mr. Brown in the future. *Id.* ¶¶139-40, 153-54. Shortly after the filing of the separation profile, Mr. Brown claims that prison officials at MacDougall Walker Correctional Institution ("MacDougall") transferred him to Corrigan. *Id.* ¶¶ 143-44. Mr. Brown claims that Captain Van and Defendant Tuttle were instrumental in having him transferred to another prison facility and did so in response to his complaints and grievances regarding Defendant Tuttle's dental treatment and behavior. *Id.* ¶¶

143-44, 156-57, 159-60.

At Corrigan, Mr. Brown allegedly continued to file grievances about Defendant Tuttle's treatment. *Id.* ¶ 145. Mr. Brown claims that Grievance Coordinator Swan made attempts to contact Raquel Lightner regarding the Plaintiff's grievances. *Id.* ¶¶ 147, 151-52. He also claims that Swan failed to timely respond to the grievances. *Id.* ¶¶148-49.

The Proposed Amended Complaint includes twenty claims under the First, Eighth and Fourteenth Amendments. *Id.* at 18-23. The Plaintiff named all of the Defendants, both proposed and current, in their individual capacities and seeks money damages. *Id.* at 23, Parties at ¶ 4.

### 1. Raquel Lightner, Lisa Candelario, and Steven Swan

Mr. Brown seeks to add claims that Lisa Candelario, Steven Swan, and Raquel Lightner did not respond to or properly process his grievances regarding the conduct of Defendant Tuttle. *See id.* at Legal Claims, Counts Four, Five, Six, and Nineteen. "It is well established [ ] that inmate grievances procedures are undertaken voluntarily by the states, that they are not constitutionally required, and accordingly that a failure to process, investigate or respond to a prisoner's grievances does not in itself give rise to a constitutional claim." *Swift v. Tweddell*, 582 F. Supp. 2d 437, 445-46 (W.D.N.Y. 2008) (collecting cases). Thus, the alleged failure of Swan, Lightner and Candelario to process or respond properly to Mr. Brown's Inmate Remedy requests or grievances did not violate any of his constitutionally or federally protected rights. *See Pocevic v. Tung*, No. 3:04CV1067 (CFD), 2006 WL 680459, at *8 (D. Conn. Mar. 14, 2006)("The [C]ourt can discern no federally or constitutionally protected right that was violated by defendant['s] failure to comply with the institutional procedures regarding the timing of his response to [plaintiff's] level 2 grievance"). Accordingly, the Court will not permit Mr. Brown

to amend the Complaint to add the claims against them regarding his grievances. Since these are the only claims made against Candelario and Swan, the Court denies Mr. Brown's request to add them as parties.

### 2.      Arlaina Duffy

Mr. Brown also seeks to add Dental Assistant Arlaina Duffy who was present when Defendant Tuttle attempted to fix his chipped tooth. *See* Proposed Am. Compl. at Meritorious Legal Claims ¶¶ 33, 38-39, 70, 74, ECF No. 81-1. Mr. Brown claims that Assistant Duffy did not intervene to prevent Defendant Tuttle from engaging in improper dental procedures. *Id.* at Legal Claims, Counts Seven, Seventeen, and Eighteen. The allegations in the Proposed Amended Complaint, however, suggest that Assistant Duffy attempted to dissuade Defendant Tuttle from some of the conduct that caused the Plaintiff pain. *Id.* at Meritorious Legal Claims ¶¶58, 83, 85-86. In addition, Mr. Brown concedes that immediately after the accusation by Defendant Tuttle regarding inappropriate contact, Assistant Duffy informed correctional staff that she had not observed any improper behavior by Mr. Brown and had been present in the room during the entire time Mr. Brown and Defendant Tuttle were together. *Id.* ¶47. Thus, the Plaintiff has not alleged that Assistant Duffy was deliberately indifferent to his health or safety. *See Bryant v. Wright*, 451 F. App'x 12, 14 (2d Cir. 2011) (dismissing a complaint alleging doctors acted with deliberate indifference in prescribing a generic drug with side effects, in part because the doctors were "trying to stop" the side effects); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety."); *see also Wright v. Genovese*, 694 F.Supp.2d 137,

157-58 (N.D.N.Y. 2010) (granting defendant's summary judgment motion on a deliberate indifference claim against a doctor because the doctor "took additional steps" to prevent harm to the plaintiff), *aff'd,* 415 F. App'x 313 (2d Cir. 2011). The request to add Assistant Duffy as a Defendant is denied and all claims against her are dismissed.

### 3. Captain Van

Mr. Brown seeks to add a claim of retaliation and a so-called "due process" claim against Defendant Tuttle and Captain Van in connection with his transfer to another prison facility. Proposed Am. Compl. at Legal Claims, Counts One, Three, and Twenty, ECF No. 81-1. Mr. Brown alleges that over two weeks after the disciplinary report for sexual assault had been dismissed, Defendant Tuttle approached Captain Van about filing a separation profile against Mr. Brown in an effort to have him transferred out of MacDougall. *Id*. at Meritorious Legal Claims ¶¶139-41, 143, 155-60. Mr. Brown claims that Captain Van was aware that he had been exonerated regarding the charge that he had inappropriately touched Defendant Tuttle. *Id.* ¶156. Despite this knowledge, Captain Van allegedly facilitated the filing of the separation profile, resulting in his transfer out of MacDougall in retaliation for the Plaintiff's submission of grievances against Defendant Tuttle. *Id.* ¶¶157-161. According to the Proposed Amended Complaint, prison officials transferred Mr. Brown shortly after the separation profile was completed. *Id.* ¶143-44.

To the extent that Mr. Brown claims that his transfer to another prison facility constitutes a due process violation in Count Twenty, the claim fails. An inmate has no right to be housed at a particular prison facility. *See Olim v. Wakinekona*, 461 U.S. 238, 248 (1983) (inmates have no right to be confined in a particular state or a particular prison within a given state); *Meachum v.*

*Fano*, 427 U.S. 215, 225 (1976) (transfer among correctional facilities, without more, does not violate inmate's constitutional rights, even where conditions in one prison are "more disagreeable" or the prison has "more severe rules"). Thus, the transfer of an inmate from one facility to another does not state a claim upon which relief may be granted. The Court will not permit the Plaintiff to add a claim that his transfer from MacDougall constituted punishment or a due process violation under the Eighth or Fourteenth Amendments. Thus, Count Twenty of the Proposed Amended Complaint is dismissed.

The claim that Captain Van and Defendant Tuttle were involved in the decision to submit a separation profile and have Mr. Brown transferred to another facility because of his complaints and grievances against Defendant Tuttle states a plausible retaliation claim. Proposed Am. Compl. at Legal Claims, Counts One and Three, ECF No. 81-1. "[T]o survive a motion to dismiss a complaint, a plaintiff asserting First Amendment retaliation claims must allege (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (citation and internal quotation marks omitted). Mr. Brown alleges that shortly after he made complaints and filed grievances about Defendant Tuttle, Captain Van and Defendant Tuttle submitted a separation profile that resulted in him being transferred to another facility. These allegations state a valid retaliation claim. *See Davis,* 320 F.3d at 352-53 ("filing of prison grievances is a constitutionally protected activity"); *see also Morales v. Mackalm*, 278 F.3d 126, 131-32 (2d Cir. 2002) (finding plaintiff had stated a valid retaliation claim where there was a short period of time between the protected activity and the retaliatory transfer and the defendants were involved in the decision to

transfer the inmate), *abrogated on other grounds by Porter v. Nussle*, 534 U.S. 516, 523 (2002). The motion to add this retaliation claim and Captain Van as a Defendant is granted.

### 4. Erin Nolm and Raquel Lightner

Mr. Brown also seeks to add an Eighth Amendment "failure to act" claim against Nolm and Lightner, alleging that they failed to prevent Mr. Brown's constitutional rights from being violated by Defendant Tuttle's medical treatment and false allegation of sexual abuse. *See* Proposed Am. Compl. at Legal Claims, Count Twenty-One, ECF No. 81-1. To allege a plausible claim that a supervisor failed to prevent a constitutional violation, Mr. Brown must plead that the defendant either: (1) actually participated in the violation, (2) failed to remedy a wrong after being informed through a report or appeal, (3) created a policy or custom that sanctioned conduct that constituted a constitutional violation (or allowed such a policy or custom to continue), (4) was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) failed to act on information indicating that unconstitutional acts were occurring. *Cf. Alvarado v. Westchester Cnty.*, 22 F.Supp.3d 208, 215 (S.D.N.Y. 2014) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (citation and internal quotation marks omitted).

Mr. Brown fails to state this claim plausibly, because he does not explain what precisely he told Lighter or Nolm and does not indicate that either individual was a supervisor in a position to help him. *See Gillard v. Rovelli,* No. 9:09-CV-0860 (NAM/GHL), 2010 WL 4905240, at * 12-13 (N.D.N.Y. Sept. 29, 2010) ("A prisoner's allegation that a supervisory official failed to respond to a grievance is insufficient to establish that the official failed to remedy that violation

after learning of it through a report or appeal or exhibited deliberate indifference… by failing to act on information indicating that the violation was occurring.") (citation and internal quotation marks omitted) (alteration in original), adopted by the District Court, 2010 WL 4945770 (N.D.N.Y. Nov. 24, 2010); *Greene v. Mazzuca*, 485 F. Supp.2d 447, 452 (S.D.N.Y. 2007) (dismissing claims against several defendants because the mere allegation that they were informed of defendant's belief that his constitutional rights were violated was insufficient to show knowledge of personal participation in a violation). Moreover, the only allegations Mr. Brown makes against Erin Nolm indicate that she helped him a great deal, arranging for him to see another dentist and confronting Defendant Tuttle. Without more, the Court must dismiss Count Twenty-One and deny Mr. Brown's request to add Erin Nolm and Raquel Lightner as Defendants.

### C.    Defendant Tuttle and Previously Dismissed Claims

As determined in its prior Order, the Court will allow Counts Eight, Nine, Twelve, Thirteen, Fourteen, and Sixteen, stating the deliberate indifference claim, to proceed. *See* Order, ECF No. 27. Mr. Brown seeks to add new claims against Defendant Tuttle and to resurrect First Amendment and Fourteenth Amendment claims that were dismissed by the Court in 2013. As indicated above, the Court will permit Mr. Brown to add a retaliation claim against Defendant Tuttle but denies his request to add a "failure to protect" claim and to resurrect old claims.

Mr. Brown seeks to add a "failure to protect" claim against Defendant Tuttle. *See* Proposed Am. Compl. at Counts Ten and Eleven, ECF No. 81-1. "An Eighth Amendment failure to protect claim requires an inmate to show that prison officials acted with deliberate indifference in failing to protect the inmate from harm." *Bridgewater v. Taylor*, 698 F.Supp.2d

351, 357 (S.D.N.Y. 2010) (citation and internal quotation marks omitted).  To state a plausible failure to protect claim, Mr. Brown must allege that the deprivation caused was "sufficiently serious" and that the prison official acted with a sufficiently culpable state of mind akin to recklessness.  *Id.* at 357-58 ("the prison official must have know[n] of and disregard[ed] an excessive risk to inmate health or safety") (citation and internal quotation marks omitted) (alterations in original).  The allegations that Defendant Tuttle's false accusation of inappropriate touching caused Mr. Brown to suffer harm while he was in the segregation unit do not state a failure to protect claim.  The conditions that Mr. Brown experienced in the segregation unit were not caused by Defendant Tuttle, nor could she have known that he would experience those conditions.  *See id.* at 358 (dismissing a failure to protect claim because plaintiff did not plead sufficient facts to establish the defendant's actual knowledge that the plaintiff would likely be harmed); *Johnson v. Lantz,* No. 3:04CV903CFD, 2005 WL 3448055, at *5-6 (D. Conn. Dec. 8, 2005) (same).  Thus, the Court denies Plaintiff leave to add a failure to protect claim against Defendant Tuttle.

Mr. Brown attempts to resurrect the so-called First Amendment claim asserted in the Complaint that the Court dismissed in 2013.  *See* Proposed Am. Compl. at Count Two, ECF No 81-1.  That claim related to the false accusation of sexual assault by Defendant Tuttle.  As the Court indicated previously, the plaintiff has no right not to be falsely accused.  *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"), *cert. denied*, 485 U.S. 982 (1988).  In addition, Mr. Brown may not re-assert the claim that Defendant Tuttle accused him of sexual assault in an

effort to prevent him from filing grievances. That allegation does not state a claim of retaliation because the alleged retaliatory conduct occurred before the exercise of the Mr. Brown's First Amendment rights. *See McAllister v. Queens Borough Public Library*, 309 F. App'x 457, 459 (2d Cir. 2009) (affirming dismissal of a retaliation claim because the "adverse action" occurred before the protected activity or speech). Thus, the only claim that the Court will permit Mr. Brown to add against Defendant Tuttle is the retaliation claim related to her involvement in the decision to submit a separation profile because of his complaints and grievances against her which allegedly resulted in him being transferred to another facility.

## Conclusion

The Motion for Summary Judgment [**ECF No. 62**] is **DENIED** without prejudice. The Motion for Leave to File an Amended Complaint [**ECF No. 81**] is **GRANTED** as to the request to add Captain Van as a Defendant as well as to add the First Amendment retaliation claim against Defendants Tuttle and Captain Van regarding their involvement in the decision to submit a separation profile and have the Plaintiff transferred to another facility because of his complaints and grievances against Defendant Tuttle. The Motion for Leave to File an Amended Complaint [**ECF No. 81**] is **DENIED** as to the request to add as Defendants Raquel Lightner, Lisa Candelario, Arlaina Duffy, Erin Nolm and Nurse/Medical Grievance Coordinator Steven Swan as well as any claims against them and is also **DENIED** as to the request to add any other claims against Defendant Tuttle. **The Clerk should NOT docket the amended complaint attached to the Plaintiff's motion.**

Within **THIRTY DAYS** of the date of this order, Mr. Brown is directed to file an amended complaint that complies with this ruling. Thus, the amended complaint should only

include Dr. Joann Tuttle and Captain Van as Defendants in their individual capacities. In addition, the only claims that are permitted to be included are: the Eighth Amendment deliberate indifference to medical/dental needs claim against Defendant Tuttle regarding the dental treatment provided on July 25, 2013, the First Amendment retaliation claim against Defendant Tuttle regarding her involvement in the decision to submit a separation profile and have the Plaintiff transferred to another facility because of his complaints and grievances against her, and the First Amendment retaliation claim against Captain Van regarding his involvement in the decision to have Defendant Tuttle submit a separation profile and have the Plaintiff transferred to another facility because of the Plaintiff's complaints and grievances against Defendant Tuttle. For Plaintiff's reference, those claims are set forth in Counts One, Three, Eight, Nine, Twelve, Thirteen, Fourteen and Sixteen of the Proposed Amended Complaint, ECF No. 81-1. **The Clerk shall send the Plaintiff a copy of the Proposed Amended Complaint attached to the Motion to Amend with a copy of this ruling.**

**If the Plaintiff chooses not to file an amended complaint that complies with this order, the case will proceed only as the Eighth Amendment claim of deliberate indifference to medical/dental needs against Defendant Tuttle as set forth in the initial Complaint, ECF No. 1, and addressed in the Recommended Ruling, ECF No. 8.**

**SO ORDERED** this 24th day of June, 2015, at Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE