UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENYA BROWN,<br>　　Plaintiff,<br><br>v.<br><br>J. TUTTLE and<br>CAPTAIN VAN,<br>　　Defendants. | :<br>:<br>:<br>:   CASE NO. 3:13-cv-1444(VAB)<br>:<br>:<br>:<br>: |

### RULING ON PENDING DISCOVERY MOTIONS

Plaintiff, Kenya Brown, has filed multiple discovery-related motions with this Court. ECF Nos. 92, 93, 95, 96, 97, 98. For the reasons set forth below, they are all **DENIED**.

**I.    Motions for Reconsideration [ECF Nos. 92, 95]**

Mr. Brown seeks reconsideration of the Court's August 11, 2014 Endorsement, ECF No. 57, denying in part his motion for permission to seek affidavits from non-parties and the Court's November 6, 2014 Ruling, ECF No. 76, granting the Defendants' motion for a protective order.

A motion for reconsideration must be filed within fourteen days of the filing of the order the party seeks to challenge. *See* D. Conn. L. Civ. Rule 7(c)1 ("Motions for reconsideration shall be filed and served within fourteen (14) days of the filing of the decision or order from which relief is sought . . ."). Both of Mr. Brown's motions for reconsideration were filed more than fourteen days after the rulings or orders being challenged. Thus, they are both denied as untimely. *Davis v. U.S. Dep't of Homeland*

1

*Sec.*, No. 11-CV-203(ARR)(VMS), 2013 WL 6145749, at *1 (E.D.N.Y. Nov. 20, 2013) (denying a *pro se* litigant's motion for reconsideration because it was untimely filed and noting that "[a] party's failure to make a motion for reconsideration in a timely manner is by itself a sufficient basis for denial of the motion.") (citations and internal quotation marks omitted).

In addition, the Court's prior Endorsement, ECF No. 57, does not preclude Mr. Brown from seeking discovery relevant to the retaliation claims the Court permitted him to add in its recent Ruling on his Motion to Amend the Complaint, ECF No. 91. The Court's Endorsement prohibited Mr. Brown from conducting discovery on the claim that he was "falsely accused of sexual assault by [Defendant Tuttle] in retaliation for his complaints [ ] of improper medical treatment." The Court denied Mr. Brown's request to add this claim in its most recent ruling. Ruling on Mot. for Summ. J. and Mot. to Amend the Compl. 14-15, ECF No. 91. Thus, reconsideration of this prior Endorsement will not assist Mr. Brown in conducting relevant discovery.

Furthermore, Mr. Brown's request to lift the Protective Order is moot. The Protective Order was initially granted to protect parties from having to respond to discovery while Mr. Brown's Motion for Summary Judgment was pending. Nov. 6, 2014 Ruling 2, ECF No. 76. Because the Court ruled on the Motion for Summary Judgment on June 24, 2015, the Protective Order has now expired.

II.     **Motions for Order to Seek Affidavits and to Take Deposition [ECF Nos. 96, 98]**

Mr. Brown seeks to obtain affidavits from non-parties. Mot. for Order to Seek Affs., ECF No. 96. In addition, he asks to depose Erin Nolin, who is a non-party. Mot.

2

for Dep. of Non-Party Erin Nolin, ECF No. 98. Mr. Brown does not need the Court's permission to conduct discovery of non-parties. Furthermore, discovery requests and materials should not be filed with the Court. See D. Conn. L. Civ. R. 5(f)1 ("notices of deposition, interrogatories, requests for documents, requests for admissions, and answers and responses shall not be filed with the Clerk's Office except by order of the Court."). Accordingly, these motions are denied.

### III. Motion for Order To Serve Notice of Deposition And/Or Subpoena on Non-Party [ECF No. 97]

Mr. Brown claims that he must depose non-party Erin Nolin because she has important information regarding the facts alleged in the Amended Complaint. He seeks to serve a notice of deposition and/or subpoena on Erin Nolin, but he does not have Ms. Nolin's address. He indicates that she has retired from her last known position. He asks the Court to order counsel for the Defendants to produce Erin Nolin's address to him or commit to producing her for her deposition. In the alternative, Mr. Brown requests that the Court find a current address for Erin Nolin and serve her with the notice of deposition.

Mr. Brown does not indicate that he attempted to contact counsel for the Defendants in an effort to discover a current address for Erin Nolin, which he must do before seeking the intervention of the Court. See Fed. R. Civ. P. 37(a)(1) (authorizing a party to ask for the Court's intervention in discovery matters only if "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.") Furthermore, the Court is not authorized to conduct discovery on behalf of the Plaintiff. Neither the Court

nor the Defendants are responsible for service of the notice of deposition on Erin Nolin or for ensuring that she be present for the deposition. Therefore, this motion is denied in all respects.

IV.     **Motion for Leave to File Amended Complaint [ECF No. 93]**

Mr. Brown seeks leave to file an amended complaint. The Court already granted him leave to file an amended complaint, Ruling on Mot. for Summ. J. and Mot. to Amend the Compl., ECF No. 91, and he appears to have filed one, Am. Compl., ECF No. 94. Accordingly, the motion requesting leave to amend the Complaint, ECF No. 93, is denied as moot.

Because Mr. Brown paid the filing fee to commence this action, he is responsible for serving the newly named Defendant, Captain Van. Mr. Brown shall serve Captain Van in his individual capacity and file a return of service with the Court.

## Conclusion

The Motions for Reconsideration [**ECF Nos. 92, 95**] are **DENIED** as untimely. The Motion for Order [**ECF No. 96**] pertaining to Plaintiff's intention to conduct discovery on non-parties and Motion to Take Deposition [**ECF No. 98**] of non-party Erin Nolin are **DENIED**. The Motion for Order to Serve Notice of a Deposition And/or Subpoena **[ECF No. 97]** on a non-party is **DENIED**. The Motion for Leave [**ECF No. 93**] to file an amended complaint is **DENIED** as moot.

Within thirty days of the date of this Order, the Plaintiff shall serve Captain Van in his individual capacity with a copy of the Amended Complaint in accordance with the requirements of Federal Rule of Civil Procedure 4. Plaintiff shall file proof of service of

the Amended Complaint within 60 days of the date of this Order.  Failure to comply with this Order will result in the dismissal of all claims against Defendant Van.

    The Clerk shall send the Plaintiff a copy of this Order together with instructions for service of the Amended Complaint, one blank Notice of Lawsuit and Waiver of Service of Summons form, and one blank Waiver of Service of Summons form.

    SO ORDERED at Bridgeport, Connecticut this 28th day of July 2015.


                                  /s/ Victor A. Bolden
                                  VICTOR A. BOLDEN
                                  UNITED STATES DISTRICT JUDGE