UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KENYA BROWN, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:13cv1444(VAB) |
| | : | |
| JOANN TUTTLE | : | |
| and CAPTAIN VAN, | : | |
| Defendants. | : | |

<u>**RULING ON PENDING MOTIONS**</u>

Before the Court are multiple motions filed by the Plaintiff, Kenya Brown.  Non-party Erinn Dolan has also filed a motion to quash a subpoena and motion for protective order.[1]  For the reasons that follow, Mr. Brown's motions seeking to waive the security for costs, ECF No. 108, and strike the Court's prior Order granting Defendant Tuttle's Motion for Security for Costs, ECF No. 109, are **GRANTED IN PART** and **DENIED IN PART**.  All other motions, ECF Nos. 104, 107, 111-13, 115-17, 123-26, 136, are **DENIED**.

I.   **Motions to Waive Security for Costs and Strike the Court's Order on Security Costs [ECF Nos. 108, 109]**

Mr. Brown paid the filing fee to commence this action.  On August 20, 2015, the Court granted the Defendants' motion seeking an order requiring the plaintiff to deposit or file a bond with sufficient surety in the sum of $500.00 as security for costs.  Order, ECF No. 106; *see also* D. Conn. L. Civ. R. 83.3(a) (enabling defendants in a civil action to ask the Clerk to enter an order for a cash deposit of $500 to be entered as a security for costs).  In response, Mr. Brown filed two

---

[1]  Mr. Brown refers to non-party Erinn Dolan as Erin Nolin in the subpoena.  *See* Mot. Depose, ECF No. 98, Ex.1; Mot. Quash, ECF No. 107-1, Attach. A.  The Court will use the former spelling in this Order.

motions seeking to vacate the Order requiring him to post a $500 as a security for costs and to
waive or modify the amount of the security for costs that he must pay.

Under Rule 83.3(b) of the Local Rules of Civil Procedure for the District of Connecticut,
"the Court may modify or waive" the amount of security for costs upon a showing of good cause.
Mr. Brown states that he does not have sufficient funds to pay the full $500.00 but could pay
$100.00.  Mot. to Waive Security for Costs 2, ECF No. 108.  He attached a statement of his
prisoner account, issued a few days before he filed these motions, indicating that he had a
$106.62 "spendable balance."  *Id.* at 3.  During the month prior to filing the motions, the
statement shows two deposits in the amounts of $100.00 and $84.04, respectively, and two
separate deposits in amount of $12.50 each.  *Id.* at 4.

The Court finds that Mr. Brown has demonstrated good cause to modify the current
Order for security for costs from $500.00 to $100.00.  Accordingly, the motions seeking to strike
and waive the security for costs are granted to the extent that the current Order for security for
costs is modified from $500.00 to $100.00.  These motions are denied in all other respects.  The
Clerk is directed to modify the current Order for security for costs from $500.00 to $100.00.

## II.     Motions to Take Deposition and to Expedite [ECF Nos. 116, 117]

Mr. Brown has filed a "Notice of Deposition of Joanne Tuttle."  *See* Mot. to Take
Deposition from Joanne Tuttle, ECF No. 116.  In this notice, he seeks leave from the Court to
depose Joann Tuttle.  *Id.*  He has also filed a motion asking the Court to expedite its ruling on this
request.  Mot. to Expedite, ECF No. 117.

Mr. Brown does not need the Court's permission to depose Defendant Tuttle.  *See* Fed. R.
Civ. P. 30(a)(1) ("[a] party may, by oral questions, depose any person, including a party, without

leave of court" subject to certain exceptions that do not apply here).  Accordingly, the motions seeking leave to conduct a deposition and to expedite a ruling on the motion for leave to conduct deposition are denied.

### III.    Motion for Order Re: Erinn Dolan [ECF No. 104]

Mr. Brown claims that he must depose non-party Erinn Dolan because she has important information regarding the facts alleged in the Amended Complaint against Defendant Tuttle.  He seeks to serve a notice of deposition on Erinn Dolan, but he does not have Ms. Dolan's current address.  He asks the Court to order counsel for the Defendants to produce Erinn Dolan's address to him or commit to producing her for her deposition.  Mot. for Order re: Erinn Dolan, ECF No. 104.

Because Erinn Dolan's employment address, MacDougall-Walker Correctional Institution, 1153 East Street South, Suffield, Connecticut 06080, is included in the Motion to Quash and Motion For Protective Order filed by counsel for the Defendants on August 20, 2015, the relief sought in Mr. Brown's motion is moot.  The motion is denied as moot.

### IV.    Motion to Quash and Motion for Protective Order [ECF No. 107]

Non-party Erinn Dolan moves to quash a subpoena, written by Mr. Brown, to appear and testify at a deposition.  Mr. Brown initially sought to depose Ms. Dolan in July 2015, when he filed a motion seeking permission to depose non-party Erinn Dolan on July 31, 2015.  Mot. to Depose, ECF No. 98.  Attached to that motion was a subpoena addressed to "Erin Nolin" but not signed by the Clerk.  *See* Mot. to Depose, Ex. 1, ECF No. 98-1.  On July 28, 2015, the Court denied Mr. Brown's motion for various reasons, including the fact that Mr. Brown need not seek permission to conduct discovery on non-parties.  Order 2-3, ECF No. 100.

3

On August 11, 2015, Mr. Brown sent a letter to counsel for the Defendants with a copy of a subpoena addressed to non-party Erinn Dolan.  *See* Mot. to Quash, Doc. No. 107-1, Attach. A.  He indicated that he would seek service of the subpoena on Erinn Dolan if counsel was "unresponsive." *Id.*  Counsel states that she received the copy of the subpoena addressed to non-party Erinn Dolan on August 17, 2015.  Mot. to Quash 1, ECF No. 107.

Non-party Dolan moves to quash the subpoena directing her to appear at a deposition on August 31, 2015 on the ground that compliance with the subpoena would be burdensome.  She contends that she is currently employed at another correctional facility and to take time away from her job for a deposition would prevent her from providing medical care to inmates at MacDougall-Walker.  In addition, she states that she has produced all documents relevant to the claims in this case.

A subpoena that "subjects a person to an undue burden" must be quashed upon a timely filed motion by the person before she or he must comply.  *See* Fed. R. Civ. P. 45(d)(3)(A)(iv).  Ms. Dolan bears the burden of persuasion on her motion.  *See Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005) (citations omitted).

An evaluation of undue burden requires the Court to weigh the burden to the subpoenaed party against the value of the information to the serving party.  *Id.*; *accord Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 293, 299 (S.D.N.Y. 2009) (citations omitted).  Ultimately, it is within the Court's discretion to determine "whether undue burden is present." *Aristocrat Leisure Ltd.*, 262 F.R.D. at 299 (citing *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003)).

As a preliminary matter, there is no evidence that either the July or the August subpoenas were signed by the Clerk or were ever personally served on non-party Erinn Dolan as required by Federal Rules of Civil Procedure 45(a)(2) and (b)(1).  Thus, both subpoenas are deficient.

These procedural deficiencies aside, Ms. Dolan offers to produce an affidavit regarding what she remembers about Mr. Brown and his dental treatment surrounding the incident with Defendant Tuttle on July 25, 2013.  Mot. to Quash 6, ECF No. 107.  In response, Mr. Brown agrees not to contest the motion to quash the subpoena in exchange for an affidavit from Erinn Dolan containing the information relevant to this case that she possesses.  Pl.'s Objection 3, ECF No. 110.

Accordingly, the Motion to Quash and For a Protective Order is denied as moot without prejudice.  Counsel for the Defendants shall arrange to have non-party Erinn Dolan produce an affidavit containing the information she possesses regarding Mr. Brown's dental treatment and his requests for dental treatment surrounding the incident with Defendant Tuttle on July 25, 2013.  The affidavit shall be produced **within thirty days of the date of this Order**.

## V.     Motion to Amend/Correct Amended Complaint [ECF No. 111]

Mr. Brown seeks leave to file a second amended complaint to add a new claim, a new defendant, Commissioner Semple, and a new request for declaratory relief.  Mot. to Amend/Correct Am. Compl., ECF No. 111.  After the time to amend as of right has passed, the Court should "freely" grant leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In determining whether to grant leave to amend, the Court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice, and futility of the amendment.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) ("Reasons

for a proper denial of leave to amend include delay, bad faith, futility of the amendment, and perhaps the most important, the resulting prejudice to the opposing party.") (citation omitted).

Mr. Brown seeks to add a due process claim. He contends that his due process rights were violated by a sexual predator separation profile that was placed in his prison master file and the change in his classification level as a result of the profile. Proposed Second Am. Compl. ¶¶92-100, ECF No. 111-1. Prison officials added the sexual predator separation profile after the July 2013 incident between Mr. Brown and Defendant Tuttle that is the subject of this lawsuit. In this new due process claim, Mr. Brown alleges that Commissioner Semple failed to provide him and other inmates with any procedural protections regarding the presence or removal of separation profiles in their master files. *Id.* at Counts Ten - Fourteen. He also claims that, in his case, the separation profile should never have been added to his file because the sexual charges against him were dismissed shortly after they were brought and that he has been unsuccessful in getting prison officials to remove the profile from his file. *Id.*

In the proposed Second Amended Complaint, Mr. Brown also seeks to add a claim for declaratory relief which asks the Court to order the Defendants to remove the sexual predator profile from his file. *Id.* at Prayer for Relief.

The Court has already provided Mr. Brown with ample opportunity to amend his complaint. On April 22, 2014, Mr. Brown moved for leave to amend his Complaint. Mot. to Amend Compl., ECF No. 32. On July 30, 2014, the Court denied the motion without prejudice to renewal after a ruling on Mr. Brown's Motion for Reconsideration of the Court's previous Order dismissing aspects

of his initial Complaint.  Order, ECF No. 53.[2]  On December 18, 2014, the Court granted the

Motion for Reconsideration in part, considered Mr. Brown's objection to the Recommended Ruling

and overruled the objection.  Order, ECF No. 80.  On January 12, 2015, Mr. Brown renewed his

request for leave to file an amended complaint to add retaliation claims against Defendant Tuttle

and to add six new Defendants.  Mot. to Amend Compl., ECF No. 81.  On June 24, 2015, the Court

granted his Motion to Amend to add Captain VanOudenhove as Defendant as well as to add a First

Amendment retaliation claim against Defendants Tuttle and Captain VanOudenhove.  Order, ECF

No. 91.  The Court denied the Motion to Amend in all other respects.  *Id.*  Mr. Brown filed an

Amended Complaint in compliance with the Court's ruling on July 15, 2015.  Am. Compl., ECF

No. 94.  Both the currently operative Amended Complaint and one of his prior requests to amend

the complaint made in September 2014 contain the facts that provide the basis for Mr. Brown's

current requests.  *See id*; Mot. Supplement Compl., ECF No. 5.

Mr. Brown provides no basis for permitting him to file a second amended complaint at this

late stage of the litigation.  He knew about the facts that he claims support this new legal claim over

one year ago and does not explain why he did not seek to amend his complaint earlier.  To add a

new claim and a new Defendant at this time would significantly delay the case and prejudice the

existing Defendants.  *See Foman*, 371 U.S. at 182.

In addition, the declaratory relief that Mr. Brown seeks to add is moot because counsel for

the Defendants has filed an affidavit indicating that the separation profile has been removed from

Mr. Brown's file.  *See* Obj. Mot. Seeking Declaratory & Injunct. Relief, ECF No. 118, Attach. A.

---

[2] The challenged Order, ECF No. 27, adopted a Recommended Ruling, ECF No. 8.

Accordingly, justice does not require the Court to permit Mr. Brown to file a second amended complaint.  The motion for leave to amend is denied.

## VI.   Motion for Declaratory Judgment, Temporary Restraining Order and Preliminary Injunction [ECF No. 113]

Mr. Brown seeks a declaratory judgment as well as a temporary restraining order and preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure.   He asks the Court to order the Department of Correction Commissioner Semple, who is not a party to this action, to remove the sexual predator profile from his central file, his master file, and all other Department of Correction files pertaining to him.  He claims that the sexual predator profile was added to his master file shortly after the incident with Defendant Tuttle in July 2013 and has not been removed despite the dismissal of the sexual assault charges against him.

Although Mr. Brown's motion includes a request for relief in the form of a declaratory judgment, he does not otherwise mention or describe this relief in the memorandum accompanying his motion.   Thus, the motion is denied to the extent that it seeks declaratory relief or a declaratory judgment.

With respect to the request for a temporary restraining order or preliminary injunction, in response to Mr. Brown's motion, counsel for the Defendants has filed an affidavit indicating that the sexual predator profile has been removed from all of Mr. Brown's Department of Correction files.  *See* Obj. Mot. Seeking Declaratory & Injunct. Relief, Doc. No. 118, Attach. A.  Accordingly, Mr. Brown's request for relief is moot, because the relief he requests has already been provided.

In addition, Defendant Tuttle's retirement from the Department of Correction makes it extremely unlikely that the sexual predator profile would be re-instated against Mr. Brown.  As

8

such, the exception to the mootness doctrine for claims that are "capable of repetition" but "evade[]
review" is inapplicable to Mr. Brown's request for injunctive relief.  *See City of Los Angeles v.
Lyons*, 461 U.S. 95, 109 (1983) ("The rule that a claim does not become moot where it is capable of
repetition, yet evades review . . . applies only in exceptional situations, and generally only where the
named plaintiff can make a reasonable showing that he will again be subjected to the alleged
illegality.") (citation omitted).

## VII.  Motion for Order [ECF No. 112]

Mr. Brown also filed a motion requesting that his Motion to Amend/Correct the Complaint,
ECF No. 111, be attached to his Motion for a Preliminary Injunction and Temporary Restraining
Order, ECF No. 112.  This motion is denied.  The Court has ruled on both motions and does not
believe docketing them together is necessary.

## VIII. Motions for Default and for Order [ECF Nos. 125, 126]

Mr. Brown seeks to default Defendant VanOudenhove under Federal Rule of Civil
Procedure 55(a) for failing to appear and answer the Complaint.  Mot. for Entry of Default, ECF
No. 125.  He has also filed a separate motion asking the Court to order Defendant VanOudenhove to
answer the Complaint.  Mot. for Order re: Answer to Complaint, ECF No. 126.

Counsel has appeared for Defendant VanOudenhove and filed a timely response to the
Complaint on January 28, 2016.  Accordingly, the motion for default and motion seeking an order
directing Defendant VanOudenhove to file a response to the amended complaint are denied.

IX.     **Motion to Compel [ECF No. 115]**

Mr. Brown has filed a motion to compel a response to a request for production he mailed to

the Defendants' counsel on August 17, 2015.  Mot. to Compel, ECF No. 115.  He claims that

counsel has failed to respond or seek an extension of the deadline to respond to this request.

Counsel for the Defendants sought and obtained a *nunc pro tunc* extension of the deadline to

respond to this request on December 2, 2015.  Order, ECF No. 122.  Counsel explained that the

response was delayed because the parties were engaged in settlement negotiations in September and

October 2015 and agreed to put discovery on hold during that time.  Mot. for Extension of Time

*Nunc Pro Tunc*, ECF No. 120.  On December 11, 2015, counsel for the Defendants filed a notice

with the Court indicating that she had responded to the request.  Notice, ECF No. 127.  Mr. Brown

has not objected to this notice or otherwise indicated that Defendants have failed to respond to his

August 17 request.  Thus, the motion to compel is denied as moot.

X.      **Motion for Court Appointed Experts [ECF No. 124]**

Mr. Brown seeks the appointment of dental experts for trial.  The case has not yet been

scheduled for trial.  As such, this motion is premature and is denied without prejudice.

XI.     **Motions for Appointment of Counsel [ECF No. 123, 136]**

Mr. Brown has filed two motions asking the Court to appoint him *pro bono* counsel under

28 U.S.C. § 1915(e)(1).  Mot. for Appointment of Counsel, ECF Nos. 123, 136.  There is no

constitutional right to counsel in a civil case.  In deciding a motion to appoint counsel, the Court

considers whether the indigent's position is "likely to be of substance," whether the plaintiff is able

to pay for counsel on his own, and whether plaintiff is able to handle the case on his own given the

10

legal and factual complexities at issue.  *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).  The Second Circuit has also made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel.  *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986); *accord Cooper*, 877 F.2d at 172 (noting that the Court must consider the plaintiff's efforts to obtain a lawyer without the Court's assistance).

As a preliminary matter, Mr. Brown paid the filing fee in this action.  He does not indicate whether he could afford to retain an attorney to represent him.  Thus, it is not clear that Mr. Brown is eligible for the appointment of *pro bono* counsel under section 1915.

Mr. Brown also claims that he has written to fifteen attorneys seeking representation, but that some of the attorneys failed to reply to him.  Mot. to Appoint Counsel ¶25, ECF No. 123.  He does not indicate when he wrote to the attorneys, nor the details of what he wrote or their responses to him.  Mr. Brown also does not allege that he made any attempts to contact the Inmate legal Aid Program with regard to any questions he might have about litigating this case further.   The Inmates' Legal Aid Program operated by Bansley | Anthony, LLC replaced the former ILAP operated by Sydney T. Schulmann Associates.  Attorneys at the new program may be contacted at the following address and telephone number: Inmate Legal Aid Program, Bansley | Anthony, LLC, 265 Orange Street, New Haven, CT 06510, Tel. 1-866-311-4527.

Accordingly, Mr. Brown has not demonstrated that he is unable to secure the assistance of counsel independently.  The Court denies the motions on that basis without prejudice.  *See Hodge*, 802 F.2d at 61.

**Conclusion**

The Motions to Waive/Strike Security for Costs [**ECF Nos. 108, 109**] is **GRANTED** to the extent that the current order for security for costs is modified from $500.00 to $100.00 and **DENIED** in all other respects.  **The Clerk is directed to modify the current order for security for costs from $500.00 to $100.00.**

The Motion to Amend/Correct Amended Complaint **[ECF No. 111],** Motion for Order asking that the Motion to Amend/Correct the Complaint be docketed with the Motion for Declaratory Judgment, Temporary Restraining Order and Preliminary Injunction **[ECF No. 112]**, Motion to Take Deposition [**ECF No. 116**], Motion to Expedite a Ruling on the Motion to Depose [**ECF No. 117**], Motion for Default **[ECF No. 125]**, and Motion for Order requiring Defendant VanOudenhove to answer the Complaint **[ECF No. 126]** are **DENIED**.

The Motion For Court Appointed Experts **[ECF No. 124]** and the Motions for Appointment of Counsel **[ECF Nos. 123, 136]** are **DENIED without prejudice.**

The Motion to Quash and for a Protective Order **[ECF No. 107]** is **DENIED as moot without prejudice.  Counsel for the defendants shall arrange to have non-party Erinn Dolan produce an affidavit regarding the information she possesses regarding his dental treatment and requests for dental treatment during the events prior to and after the incident with defendant Tuttle on July 25, 2013.  The affidavit shall be produced within thirty days of the date of this order.**

The Motion for Order re: Erinn Dolan **[ECF No. 104]**, Motion for Declaratory Judgment, Temporary Restraining Order and Preliminary Injunction **[ECF No. 113]**, and Motion to Compel **[ECF No. 115**] are **DENIED as moot.**

SO ORDERED at Bridgeport, Connecticut this 5th day of February, 2016.

 /s/ Victor A. Bolden
VICTOR A. BOLDEN
U.S.  DISTRICT JUDGE